IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:21-CV-47

| | |
|---|---|
| GERALD CAMPBELL, | ) |
| Plaintiff, | ) |
| v. | ) NOTICE OF REMOVAL |
| KATHERINE HOUGH, | ) |
| Defendant. | ) |

The United States of America, on behalf of Defendant Katherine Hough ("Hough"), by and through the United States Attorney for the Eastern District of North Carolina, files this Amended Notice of Removal of the above-captioned action pursuant to 28 U.S.C. § 2679(d)(2), and, alternatively, pursuant to 28 U.S.C. §§ 1442, and hereby states as follows:

1. On or about January 11, 2020, the removed case in this action was commenced by Plaintiff Gerald Campbell ("Plaintiff") in the District Court Division, Wake County, State of North Carolina, by filing and serving a Summons and Complaint for No-Contact Order for Stalking or Nonconsensual Sexual Conduct. See Exhibit A, hereto.

2. Plaintiff is a federal employee with the United States Department of Agriculture ("USDA"). Hough is also a federal employee with the USDA and is the Plaintiff's immediate supervisor. See Exhibit A at 5.

1

3. Plaintiff fails to allege any specific misconduct on behalf of Hough. Rather, Plaintiff attaches a letter from his psychiatrist Dr. Ethan Bean, providing that Plaintiff's "[anxiety] symptoms have worsened for at least four years in the context of ongoing psychosocial stress that is specific to the environment and people within his previous position and work group." See Ex. A at 5. Dr. Bean further provides that one of the main triggers for the Plaintiff's anxiety symptoms remains his interactions with Hough. Id. Dr. Bean states that removing the Plaintiff from his new supervisory structure, and returning him under the supervision of Hough, "is likely to result in a significant negative impact on [the Plaintiff's] mental health" and "work performance." Id.

4. As redress for the alleged wrongs, Plaintiff seeks a permanent no-contact order, enjoining Hough from communicating with Plaintiff by telephone, written communication, or electronic means, as well as not stalking, harassing, abusing, or interfering with Plaintiff. Ex. A at 4.

5. Since Hough is a federal employee who was acting in the course and scope of her employment at the time of the incident out of which Plaintiff's claim arose, and Plaintiff's claim appears to arise out of alleged tortious conduct, the exclusive remedy for this action is pursuant to the Federal Tort Claims Act, 28, U.S.C. § 2671 *et seq*. Filed herewith is the Certification of Scope of Employment and Substitution of the United States as the only party defendant pursuant to 28 U.S.C. § 2679. As the United States is the only proper party, this action is hereby removed

2

from state court to the United States District Court for the Eastern District of North Carolina and the division embracing Wake County, North Carolina pursuant to 28 U.S.C. § 2679(d)(2).

6. Alternatively, this action should be removed pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). The federal officer removal statute permits removal of any civil or criminal action against:

> The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension and punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). See also U.S. v. Todd, 245 F.3d 691, 693 (8th Cir. 2001); City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d 380, 389 (6th Cir. 2007).

7. Courts have concluded that the federal officer removal statute is to be broadly construed. See Todd, 245 F.3d at 693 ("The right to removal [under 28 U.S.C. § 1442(a)(1) 'is made absolute whenever a suit in a state court is for any act 'under color' or federal office, regardless of whether the suit could originally have been brought in a federal court"). *See also City of Cookeville*, 484 F.3d at 389 n.5 (stating that the federal officer removal statute "is broad and allows for removal when its elements are met regardless of whether the suit could originally have been brought in a federal court."); Joseph v. Fluor Corp., 513 F. Supp. 2d 664, 671 (E.D. La. 2007) ("Indeed, the Court must interpret the statute liberally, resolving any factual

3

disputes in favor of federal jurisdiction."). The purpose of 28 U.S.C. § 1442(a)(1) is to protect federal officials and agents from liability for performing their official duties. In Re Charges of Unprofessional Conduct Against *99-37,* 249 F.3d 821, 824 (8th Cir. 2001). See also Joseph, 513 F. Supp. 2d at 671 n.7 (citation omitted) (The fundamental purpose of federal officer removal jurisdiction is to "protect the Federal Government from the interference with its operations ....")

8. Pursuant to 28 U.S.C. § 1442(a)(1), "[a] civil action or criminal prosecution commenced in a State court against [any officer of the United States sued in an individual capacity for any act under color of such office] may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending" if the employee can assert a colorable federal defense. Mesa v. California, 489 U.S. 121, 133 (1989). The right of removal "is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court." Willingham v. Morgan, 395 U.S. 402, 406, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969). If the statutory prerequisites are satisfied, section 1442(a)(1) provides an independent federal jurisdictional basis.

9. The purpose of section 1442(a)(1) is to "permit[ ] the removal of those actions commenced in state court that expose a federal official to potential civil liability or criminal penalty for an act performed... under color of office." Murray v. Murray, 621 F.2d 103, 107 (5th Cir.1980). In Willingham, the Supreme Court noted

4

that "the removal statute is an incident of federal supremacy, and that one of its purposes was to provide a federal forum for cases where federal officials must raise defenses arising from their official duties." 395 U.S. at 405, 89 S.Ct. at 1815. "[T]he test for removal should be broader, not narrower, than the test for official immunity." Id. That defense need only be plausible; its ultimate validity is not to be determined at the time of removal. <u>Mesa</u>, 489 U.S. at 129, 109 S.Ct. at 964. There must also be a "causal connection between what the officer has done under asserted official authority" and the action against her. <u>Maryland v. Soper</u>, 270 U.S. 9, 33, 46 S.Ct. 185, 190, 70 L.Ed. 449 (1926) (interpreting predecessor statute); <u>see</u> <u>also</u> <u>Willingham</u>, 395 U.S. at 409, 89 S.Ct. at 1817.

10. A party seeking to remove under the federal officer removal statue must establish: (1) the defendant is a federal officer or a person acting under that officer; (2) a colorable federal defense; and (3) the suit is for an act under color of office, which requires a causal nexus between the charged conduct and asserted official authority. <u>Northrop Grumman Tech. Servs. v. DynCorp Int'l LLC</u>, 865 F.3d 181, 186 (4th Cir. 2017). Here, these requirements are easily established for removal under Section 1442.

11. "Section 1442(a) looks to whether the defense depends upon federal law and not the complaint and serves to overcome the 'well-pleaded complaint rule' which would otherwise preclude removal even if a federal defense were alleged."

5

Swanstrom, 531 F. Supp. 2d at 1330 (quoting Mesa, 489 U.S. at 136-37, 109 S. Ct. at 968-69).

12.Here, Hough satisfies the elements for removal pursuant to the federal officer removal statute. First, it is undisputed that Hough is a federal officer. She is a federal employee with the USDA.

13.Second, Hough has a colorable federal defense to this action. Specifically, the Court lacks subject matter jurisdiction over Plaintiff's claim based on sovereign immunity. Plaintiff's claim is based on his alleged anxiety disorder resulting from Hough serving as his immediate supervisor. Courts have routinely upheld removal under § 1442 in cases in which a federal employee is the subject of a state court petition for a restraining order based on alleged workplace harassment or violence based on sovereign immunity grounds. See, e.g., Hendy v. Bello, 555 F. App'x 224, 225-26 (4th Cir. 2014) (upholding removal of a petition for a peace order by a postal worker against her supervisor arising from a workplace fracas); Sidler v. Snowden, No. AW-13-658, 2013 U.S. Dist. LEXIS 57720, 2013 WL 1759579, at *1-2 (D. Md. Apr. 23, 2013) (finding that removal was proper as to allegations of misconduct while both parties "were in their regular work environment").

14.Finally, there is a causal connection between the alleged tortious conduct and Hough's official authority. Indeed, Plaintiff's own allegations establish as much. Attached to Plaintiff's complaint is a letter from Plaintiff's psychiatrist that alleges the Plaintiff's negative mental health condition is a result of "his previous

6

Case 5:21-cv-00047-FL   Document 1   Filed 02/02/21   Page 6 of 9

workplace environment and related (sic) people such as [Hough]." There are no allegations of tortious conduct having occurred anywhere outside of the workplace. Further, Plaintiff's allegations do not include any interaction with Hough that was unrelated to Hough's oversight of Plaintiff's work. The facts set forth above in paragraph 3 further establish the causal connection.

15. Immediately upon the filing of this Notice of Removal, the United States will give written notice to Plaintiff of the removal of this case and will file a copy of this Notice of Removal with the Clerk of Court for the District Court Division, Wake County, State of North Carolina, as required by 28 U.S.C. 1446.

16. Accordingly, the United States is giving notice that this matter is hereby removed from state court to the United District Court for the Eastern District of North Carolina and the division embracing Wake County, North Carolina pursuant to 28 U.S.C. § 2679, and alternatively, 28 U.S.C. §§ 1442(a)(1).

WHEREFORE, the United States of America, on behalf of Defendant, shows that the action now pending in the North Carolina General Court of Justice, District Court, Wake County, North Carolina is removed therefrom to this Court for the reasons set forth above.

7

Case 5:21-cv-00047-FL    Document 1    Filed 02/02/21    Page 7 of 9

Respectfully submitted, this 2nd day of February, 2021.

>ROBERT J. HIGDON, JR.
>United States Attorney
>
>By: /s/ Asia J. Prince
>ASIA J. PRINCE
>Attorney for United States of America
>Assistant United States Attorney
>150 Fayetteville Street, Suite 2100
>Raleigh, NC 27601
>Telephone: (919) 856-4530
>Facsimile: (919) 856-4821
>Email: Asia.Prince@usdoj.gov
>N.C. Bar #48019

8

CERTIFICATE OF SERVICE

I do hereby certify that I have this 2nd day of February, 2021, served a copy of the foregoing upon the below-listed party by electronically filing the foregoing with the Court on this date using the CM/ECF system or placing a copy in the United States Mail to the following:

Gerald Campbell
10130 Strome Ave. Apt 204
Raleigh, NC 27617

ROBERT J. HIGDON, JR.
United States Attorney

By: /s/ Asia J. Prince
ASIA J. PRINCE
Attorney for United States of America
Assistant United States Attorney
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
Email: Asia.Prince@usdoj.gov
N.C. Bar #48019