IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CV-47-FL

| | |
|---|---|
| GERALD CAMPBELL, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

This matter is before the court on defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (DE 11). The motion has been briefed fully, and in this posture, the issues raised are ripe for ruling. For the following reasons, the motion is granted.

## STATEMENT OF THE CASE

Plaintiff, a federal employee with the United States Department of Agriculture, commenced this action pro se on January 11, 2021, in the General Court of Justice, District Court Division, Wake County, seeking a no-contact order against former-defendant Katherine Hough ("Hough"), plaintiff's supervisor. Defendant removed the action to this court pursuant to 28 U.S.C. §§ 2679 and 1442, and filed a certification of Hough's scope of employment as well as a notice of substitution on February 2, 2021, substituting the United States as a party defendant in lieu of Hough.

In the instant motion to dismiss, defendant argues 1) plaintiff's claims must be dismissed for lack of subject matter jurisdiction; 2) plaintiff did not exhaust mandatory administrative procedures; 3) plaintiff's claims for injunctive relief must be dismissed where based upon Hough's performance of official government duties;

and 4) plaintiff fails to state any claim upon which relief can be granted.

After counsel for plaintiff entered a notice of appearance in this case, plaintiff responded in opposition to defendant's motion on May 10, 2021, asserting that he used an improperly marked form for his pro se complaint and that he intended instead to assert claims for racial discrimination and harassment, claims that are subject of an ongoing negotiation with the Equal Employment Opportunity Commission. Defendant did not reply.

## STATEMENT OF FACTS

The facts alleged by plaintiff may be summarized as follows. Plaintiff alleges that Hough "on more than one occasion or otherwise tormented, terrorized, or terrified [him] with the intent to place [him] in reasonable fear for [his] safety or the safety of [his] immediate family or close personal associates or with the intent to cause, and which did cause, [him] to suffer substantial emotional distress by placing [him] in fear of death, bodily injury, or continued torment or terror." (Compl. (DE 1-1) at 3). Plaintiff alleges he has a "mental disorder," (id. at 4), and he attaches a December 20, 2020, letter from a Department of Veterans Affairs psychiatrist stating as follows:

> I have been Mr. Campbell's psy[...]
> him with an unspecified anxiety [...]
>
> To recap, Mr. Campbell's symp[...]
> ongoing psychosocial stress that [...]
> position and work group. One o[...]
> remains interactions with his pre[...]
> removing him from his new su[...]
> of Ms. Hough, even through a[...]
> impact on his mental health a[...]
>
> It should also be reemphasized t[...]
> negatively affected his work per[...]
> workplace environment and re[...]

(Compl. (DE 1-1) at 5). The letter continues, stating:

2

> In an effort to accommodate hi[m] ▮
>
> Official Title: Program Speci[alist] ▮
> Working Title: Ombudsman
> GS-0301-13/14
>
> Although he still has some resid[ual] ▮
> this new supervision has led to a ▮
> his performance. As such, I (co[ncur/recommend]) ▮
> transfer of position for him.

(Id.).

**DISCUSSION**

A.Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where the moving party attempts the former and makes a facial challenge, as here, the court accepts "the facts of the complaint as true as [the court] would in [the] context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). In particular, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.Analysis

Defendant argues plaintiff's tort claims should be dismissed for lack of subject matter jurisdiction, because they are not cognizable and are otherwise barred by sovereign immunity.

3

"The Federal Tort Claims Act ["FTCA"], as amended [and] codified at 28 U.S.C. §§ 1346(b), 2671–80, immunizes a federal employee from liability for [her] 'negligent or wrongful acts or omissions while acting within the scope of [her] office or employment.'" Maron v. United States, 126 F.3d 317, 321 (4th Cir. 1997) (quoting 28 U.S.C. § 2679(b)(1)). Where, as here, "a federal employee is sued, the United States Attorney, acting on behalf of the Attorney General, must certify whether that employee was in fact acting within the scope of his or her employment at the time of the alleged tortious act." Id. "Once this certification has been made, the United States is substituted as the sole defendant and all suits filed in state court are removed to federal court; then the plaintiff's sole route for recovery is the [Federal] Tort Claims Act." Id.

Under the well-settled doctrine of sovereign immunity, the United States is shielded from suit, except to the extent that it has waived its immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941). Further, "the circumstances of its waiver must be scrupulously observed and not expanded by the courts." Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000) (citing United States v. Kubrick, 444 U.S. 111, 117-118 (1979)). Therefore, where defendant is the United States, as here, plaintiff must demonstrate that there has been an unequivocal waiver of sovereign immunity to which no statutory exceptions apply; otherwise, the claim must be dismissed. Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005).

Plaintiff's allegations sound in tort. See, e.g., 28 U.S.C. § 2670(h) (describing claims arising out of "assault" and "battery"); (Compl. (DE 1-1) at 3) (alleging Hough "tormented, terrorized, or terrified [him]" with the intent to either place him in "reasonable fear for [his] safety" or to cause him "to suffer substantial emotional distress" and incorporating the psychiatrist's letter as evidence). Thus, plaintiff's sole route of recovery is the FTCA. See Maron, 126 F.3d at 321.

4

As relevant here, however, "the only relief provided for in the [FTCA] is money damages[;]" therefore, "to the extent that [plaintiff] is seeking other relief, [the court] lack[s] jurisdiction under the FTCA to accord it." Talbert v. United States, 932 F.2d 1064, 1065-66 (4th Cir. 1991) (internal quotations omitted); see also Hendy v. Bello, 555 F. App'x 224, 226 (4th Cir. 2014) (holding that the FTCA does not waive sovereign immunity for suits seeking injunctive relief); Akerele v. Everett, No. 5:14-CV-326-FL, 2015 WL 1646724, *5 (E.D.N.C April 14, 2015) ("[T]his court lacks subject matter jurisdiction to provide injunctive relief for prior tort conduct. The only relief provided for in the FTCA is money damages.") (internal citations and quotations omitted). Here, plaintiff marked the box in his complaint form requesting a no-contact order, a form of injunctive relief. (See Compl. (DE 1-1) at 4). No other relief was marked or otherwise sought. This court therefore lacks jurisdiction over his claim.

Alternatively, though the contours of plaintiff's claims are unclear, plaintiff's allegations could be construed as claims for assault or battery. (See Compl. (DE 1-1) at 3) (alleging Hough "tormented, terrorized, or terrified" him with the intent to place him "in reasonable fear for [his] safety" or to cause "substantial emotional distress"). However, such claims are among the enumerated intentional torts beyond the purview of the FTCA. See Talbert, 932 F.2d at 1066 ("[T]he monetary liability of the United States under the FTCA is subject to various exceptions . . . . the Government is not liable for: Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.") (citing 28 U.S.C. § 2680(h)). Therefore, to the extent plaintiff asserts such claims, or others enumerated, they are barred by sovereign immunity, and plaintiff's complaint must be dismissed for lack of jurisdiction on this basis.

Nevertheless, in plaintiff's opposition to the defendant's motion, plaintiff argues that he did not intend to assert a claim for "stalking or nonsexual conduct" as indicated in his original pro se complaint. Rather, he asserts that he simply used a form with an incorrect heading due to limitations at the clerk's office in which he made the complaint. Plaintiff intended instead to seek a no-contact order based on racial discrimination and harassment, claims that he asserts are subject of an ongoing negotiation with the Equal Employment Opportunity Commission.

Because these claims were not made in the pleadings, however, the court cannot consider them. At this juncture, "statements by counsel that raise new facts constitute matters beyond the pleadings and cannot be considered." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 449 (4th Cir. 2011). Rather, if plaintiff wishes to pursue a claim of employment discrimination, he must commence a new case, against the appropriate agency defendant, after exhausting administrative remedies as warranted.

In sum, sovereign immunity bars plaintiff's claims asserted in his complaint and deprives this court of jurisdiction. As such, defendant's motion to dismiss must be granted on this basis, without reaching defendant's alternative grounds for dismissal.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 11) is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of October, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge